IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FRANCISCO A. ACOSTA, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:13-CV-0861-D |
| VS. § | |
| § | |
| INSIGNIA ENERGY GROUP, INC., et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

In this action alleging civil claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 ("RICO"), and Texas law, defendants move to dismiss under Fed. R. Civ. P. 12(b)(6), 12(b)(1), and 9(b). Alternatively, they move for a more definite statement under Rule 12(e). The court denies the Rule 12(b)(1) motion, grants plaintiff leave to file an amended complaint, and denies defendants' Rule 12(b)(6), 9(b), and alternative Rule 12(e) motions without prejudice.[1]

I

Defendants move to dismiss under Rule 12(b)(1) on the ground that the court lacks diversity jurisdiction because plaintiff has failed to aver facts to support the $75,000 threshold of 28 U.S.C. § 1332(a). Although plaintiff asserts in his complaint that this court has diversity jurisdiction, Compl. ¶ 11, he seeks relief under civil RICO, thereby invoking the court's federal-question

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

jurisdiction. *See* 28 U.S.C. § 1331. The court therefore denies defendants' Rule 12(b)(1) motion.

II

Defendants move to dismiss plaintiff's complaint under Rule 12(b)(6) and 9(b). Plaintiff responds by conceding in several instances that "his pleading could be more specific," and repeatedly requests leave to amend. *See* P. Br. 5, 6; *id.* at 9 ("Plaintiff concedes that certain portions of the complaint need to be clarified and Plaintiff asks leave to clarify such portions."). Defendants oppose these requests, contending that plaintiff has had ample opportunity to set forth specific facts to support his claims but has failed to do so. They request that the court dismiss this lawsuit rather than permit plaintiff to amend.

Even if the court were to grant defendants' motion in its entirety, the court's unvarying practice is to permit plaintiffs at least one opportunity to replead. *See In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." (internal quotation marks and citation omitted)). Plaintiff has indicated in his response to defendants' motion that he is clearly willing to amend in an effort to address deficiencies that he acknowledges are present in his complaint, including some that defendants identify in their motions. Accordingly, consistent with this court's practice, it grants plaintiff leave to file an amended complaint. Plaintiff must do so within 30 days of the date this memorandum opinion and order is filed.

Because the court is granting plaintiff leave to amend his complaint, it denies without prejudice defendants' motion to dismiss under Rule 12(b)(6) and motion for a more definite

statement under Rule 12(e).[2] After plaintiff files his amended complaint, defendants may move anew to dismiss if they have a basis to do so.

**SO ORDERED.**

October 18, 2013.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

---

[2]This memorandum opinion and order applies to the motion filed on May 31, 2013 and the duplicate motion filed on August 6, 2013 that added tables of contents and other authorities.