IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FRANCISCO A. ACOSTA, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:13-CV-0861-D |
| VS. § | |
| § | |
| INSIGNIA ENERGY GROUP, INC., § | |
| et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

In this action in which the court entered a final judgment dismissing with prejudice plaintiff Francisco A. Acosta's ("Acosta's") claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968, and dismissing without prejudice his state-law claims, Acosta moves to set aside the dismissal, reinstate the case, reverse the judgment of the court, and set new deadlines. Treating the motion as one made under Fed. R. Civ. P. 60(b), the court denies it for the reasons that follow.

I

The court will confine its discussion of the background facts and procedural history to those that relate directly to Acosta's motion. In an October 16, 2014 memorandum opinion and order, the court granted defendants' motions to dismiss Acosta's civil RICO claim and declined in its discretion to exercise supplemental jurisdiction over his state-law claims. *Acosta v. Insignia Energy Grp., Inc.*, 2014 WL 5295320, at *5 (N.D. Tex. Oct. 16, 2014) (Fitzwater, C.J.) ("*Acosta I*"). The court granted Acosta leave to file a second

amended complaint within 28 days of the date the memorandum opinion and order was filed. *Id.* at *6. After six months elapsed from the filing of *Acosta I*, during which Acosta failed to file a second amended complaint, the court dismissed Acosta's action, in part with prejudice and in part without prejudice, based on his failure to replead. The court filed its judgment on April 16, 2015, and the clerk of court entered the judgment the same day.

On May 16, 2015 Acosta filed the instant motion to set aside the dismissal, reinstate the case, reverse the judgment of the court, and set new deadlines. His counsel alleges that she never received an email notification that *Acosta I* had been filed, and she presumed that the case had remained stagnant since August 1, 2014. She asserts that she changed her email address and believed that the district court used the same email address for her as did the United States Bankruptcy Court for the Northern District of Texas.

Defendants oppose Acosta's motion, contending that his counsel should have promptly changed her email information in ECF in accordance with N.D. Tex. Civ. R. 83.13(b), especially because this is not the first time she has alleged that she did not receive notices from the court. Defendants also maintain that Acosta's motion does not qualify as one made under Rule 59 because it was not filed within 28 days of the date the judgment was entered. They contend that Acosta is not entitled to relief under Rule 60 because he has failed to sufficiently address the elements that he is required to show to be entitled to any relief, and because he is not entitled to relief based on his counsel's ignorance of rules such

as Rule 83.13(b).[1]

## II

### A

Because Acosta filed his motion more than 28 days after entry of the judgment, it must be treated as a Rule 60(b) motion. "If [a] motion is [filed] within [28] days of the rendition of judgment, the motion falls under Rule 59(e); if it is [filed] after that time, it falls under Rule 60(b)." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc) (citing *Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 667 (5th Cir. 1986)) (addressing former version of rule based on service of motion within 10 days). Under Rule 60(b), a district court may grant relief from a final judgment for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct by an opposing party; (4) a void judgment; (5) a judgment that has been satisfied, released, or discharged; or (6) any other reason that justifies relief. The burden of establishing at least one of the Rule 60(b) requirements is on the movant, and the determination of that burden rests within the discretion of the court. *Lavespere*, 910 F.2d at 173. Based on the grounds for Acosta's motions, it appears that he

---

[1] Defendants filed their response and objection to Acosta's motion on May 30, 2015. Acosta's reply, if any, was due on June 15, 2015 (i.e., 14 days after the first business day that followed May 30, which was a Saturday). Acosta has not filed a reply, and his motion is now ripe for decision.

is relying on Rule 60(b)(1).[2]

Courts generally consider three factors when determining whether to set aside a judgment for inadvertence or excusable neglect under Rule 60(b)(1): (1) the extent of prejudice to the nonmovant should the judgment be set aside; (2) the merits of the asserted defense; and (3) the culpability of the movant's conduct. *Hiberia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1280 (5th Cir. 1985). "[O]f these factors, two can be determinative: a district court may refuse to set aside a default judgment if it finds either that the default was willful or that the defendant failed to present meritorious defense." *Scott v. Carpanzano*, 556 Fed. Appx. 288, 293-94 (5th Cir. 2014) (per curiam).

B

1

The court first addresses whether setting aside the judgment would prejudice defendants. A party who secures a final judgment dismissing a case will obviously "suffer some form of prejudice anytime it obtains such relief and the opposing party is successful in having it set aside. The court must therefore assess whether the prejudice is *unfair*." *Artemis Seafood, Inc. v. Butcher's Choice, Inc.*, 1999 WL 1032798, at *3 (N.D. Tex. Nov. 10, 1999) (Fitzwater, J.) (emphasis in original). If the court reinstates the case, defendants will be

---

[2]To the extent that it can also be said that Acosta is also relying on Rule 60(b)(6), he is not entitled to relief on this basis. Rule 60(b)(6)—a "catch-all" provision—is available "only if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (quoting *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995)). Acosta has not made a showing of "extraordinary circumstances."

required to defend a civil RICO claim that they would not otherwise have been obligated to defend. Because the court dismissed Acosta's state-law claims without prejudice, defendants are still obligated to defend these claims in state court. Accordingly, reinstating this lawsuit will not unfairly prejudice defendants except to the extent they have already been required to respond to Acosta's present motion. The court therefore holds that if defendants are compensated for the fees and costs they have incurred in responding to Acosta's motion, the prejudice to defendants of granting Acosta's motion is not unfair. *See, e.g., Drew v. Life Ins. Co. of N. Am.*, 2009 WL 1856604, at *2 (N.D. Tex. June 29, 2009) (Fitzwater, C.J.) (reaching same conclusion).

2

The court considers second whether Acosta has a meritorious defense. A district court can refuse to set aside a default judgment under Rule 60(b)(1) if the movant "fails to present a meritorious defense sufficient to support a finding on the merits for the defaulting party." *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000).

In this instance, Acosta is the plaintiff, not the defendant, so the question is whether he has a meritorious civil RICO claim (the state-law claims were dismissed without prejudice). He has made no effort to demonstrate that he has a meritorious claim, so this factor weighs against granting his motion.

3

The court addresses third the culpability of Acosta's conduct. In the context of Rule 60(b)(1), the Fifth Circuit has held that it is not an abuse of discretion to deny relief when the proffered justification is the "inadvertent mistake" of counsel. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356-57 (5th Cir. 1993). According to Acosta's counsel, she believed this lawsuit had lain dormant for over six months because she did not receive an email notification from the clerk of court indicating that the court had filed *Acosta I*, its October 16, 2014 memorandum opinion and order. She had changed her email address, and she believed the district court used the same email address as did the bankruptcy court, presumably meaning that if she updated her address with the bankruptcy court, the district court was also aware of the change.

In relying on this basis to justify granting relief, Acosta is conceding that his counsel changed her email address without updating it in ECF, as Rule 83.13(b) requires. Rule 83.13 is captioned "Change of Contact Information or Name." Subpart (b) applies to an "Attorney Who is a Registered User of ECF." It provides:

> When an attorney who is a registered user of ECF changes the attorney's business address, e-mail address, telephone number, facsimile number, or name, the attorney must promptly change this information in ECF, following procedures set forth in the ECF Administrative Procedures Manual.

The ECF Administrative Procedures Manual states, in relevant part: "To maintain your login and password and the contact information covered by LR 83.13(b) or LCrR 57.13(b)—your business address, e-mail, address, telephone number, facsimile number, or name—follow the

procedure of the court's website under Maintaining Your Account." ECF Administrative Procedures Manual § I(B), *reprinted in* Texas Rules of Court: Federal at 313 (West Pamp. Supp. 2015). Acosta's counsel was therefore obligated to update her email address using the procedures prescribed by the district court. Changing her address with the bankruptcy court was insufficient. At best, Acosta has demonstrated that his failure to file the required second amended complaint was the result of his counsel's ignoring the court's local civil rules and published procedures. But it is settled that

> "[g]ross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief," and a district court abuses its discretion when it "reopen[s] a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court."

*Cartman v. Hunt Cnty. Tex.*, 2015 WL 3794448, at *1 (N.D. Tex. June 18, 2015) (Lindsay, J.) (first alteration added) (quoting *Edward H. Bohlin Co.*, 6 F.3d at 357).

Accordingly, the third factor weighs against granting Acosta the relief he seeks. In fact, as Judge Lindsay points out in *Cartman*, it would be an abuse of discretion to grant relief under Rule 60(b)(1) when the reason for doing so is "attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." *Id.*

* * *

Accordingly, because Acosta has failed to demonstrate that he is entitled to relief under Rule 60(b)(1), the court denies his motion to set aside the dismissal, reinstate the case, reverse the judgment of the court, and set new deadlines.

**SO ORDERED**.

July 14, 2015.

                                              SIDNEY A. FITZWATER
                                              UNITED STATES DISTRICT JUDGE